■ In the Matter of RICHARD S. BROWN, Petitioner, v. PATRICK V. MURPHY, as Police Commissioner of the City of New York, Respondent.— Determination dated January 24, 1972, finding petitioner guilty of specifications numbered 2 and 4, and dismissing him from the position of Patrolman in the New York City Police Department, is unanimously annulled on the law, without costs or disbursements, and the matter is remanded for a new hearing. In specifications numbered 2 and 4 it is alleged that on two occasions an examination and analysis of petitioner's urine revealed the presence of a residue of a narcotic, cocaine. In support of those charges the respondent relied primarily

upon one line summary reports of the medical unit laboratory. Such reports, even if admissible as business records pursuant to CPLR 4518, lacked substantial probative evidentiary value, since they were submitted without any proper foundation to show the nature of the tests and the procedures utilized by the laboratory, or that the tests were considered to be scientifically reliable. Not only was there a failure to offer such evidence through any person with actual knowledge, but a police lieutenant (assigned to the Internal Affairs Division of the Department), was permitted to testify to a conversation he had with the chief chemist of the Laboratory for Addictive Drugs, and to state that the chemist had discussed with him the nature of the tests and had stated that they were considered conclusive. Such testimony was clearly hearsay. And, while " Compliance with the technical rules of evidence is not required in disciplinary proceedings " (*Matter of Sowa* v. *Looney,* 23 N Y 2d 329, 333), nevertheless, it has been recognized that under certain circumstances, the receipt of hearsay evidence might be so prejudicial as to " have a tendency to deprive a party of a fair hearing." (*Matter of Erdman* v. *Ingraham,* 28 A D 2d 5, 9.) Considering that the charges were based upon the results of the laboratory tests, the admission into evidence of those reports without a proper foundation and permitting hearsay testimony which tended to bolster those reports, deprived the petitioner of any meaningful hearing. Concur — Markewich, J. P., Murphy, Lane, Steuer and Tilzer, JJ.