■ In the Matter of DONALD E. STRAIN, Petitioner, v BERTRAM D. SARAFAN et al., Constituting the New York State Racing and Wagering Board, Division of Harness Racing, Respondents.—Determination, dated July 26, 1976, revoking petitioner's harness race license as an owner, trainer and driver after an evidentiary hearing, unanimously annulled, on the law, without costs and without disbursements, and the matter remanded for a new hearing. The petitioner was charged with improperly medicating his horse in violation of subdivision (b) of rule 4120.4 of the New York State Racing and Wagering Board (9 NYCRR 4120.4 [b]). He was also charged with making false statements to the board's officials who were investigating the alleged violation of subdivision (b) of rule 4120.4. The hearing officer, after an evidentiary hearing, found the petitioner guilty on both charges and recommended a suspension of the license for the 1976 season. The board confirmed the hearing officer's finding but completely revoked petitioner's license. While compliance with technical rules of evidence is not required in disciplinary hearings, it has been recognized that, under certain circumstances, the receipt of hearsay evidence might be so prejudicial as to have a tendency to deprive a party of a fair hearing *(Matter of Brown v Murphy,* 43 AD2d 524). In the hearing below, the hearsay letter of Dr. George A. Maylin lacked substantial probative evidentiary value since it was admitted without any proper foundation to show the nature of the tests and the procedures utilized in ascertaining that the horse's urine contained "Ar-

quel". *(Matter of Brown v Murphy, supra.)* A fair hearing also required that the petitioner be given the opportunity to cross-examine Dr. Maylin or an informed associate with regard to these critical matters. *(Matter of Erdman v Ingraham,* 28 AD2d 5, 9.) Likewise, the board, in establishing its case, should not have been permitted to rely upon the hearsay testimony of Mr. Fay that a Dr. Aylesworth had admitted giving "Arquel" to the petitioner. Dr. Aylesworth's testimony was of vital importance and should have been subjected to cross-examination by the petitioner. In short, the petitioner was deprived of a meaningful hearing. The petitioner did not challenge the constitutionality of subdivision (b) of rule 4120.4 in the administrative proceeding. Therefore, that issue will not be considered for the first time upon review. (Cf. *Matter of Ogden v Du Mond,* 273 App Div 582; cf. *Ferraro v Coster,* 90 NYS2d 166.) Concur—Murphy, P. J., Birns, Silverman and Capozzoli, JJ.