■ In the Matter of JOSEPH A. BIONDOLILLO, Petitioner, v MARTIN LANG, as Commissioner of the Department of Sanitation of the City of New York, Respondent.—Determination, dated July 25, 1975 dismissing petitioner from his position as a sanitationman because of excessive absences, unanimously annulled, on the law, without costs and without disbursements, and this matter remanded for a new hearing. Respondent Lang concedes that no evidence was introduced at the administrative hearing to support a violation of rule 28A (failure to obey orders) of the Code of Discipline of the Department of Sanitation. The more narrow question thus presented is whether there is substantial evidence in the record to support the respondent's determination that petitioner had violated rules 3A (conduct prejudicial to good order and discipline) and 20A (physically incapable of performing duties of title). In essence, petitioner was charged with violating rules 3A and 20A because he had taken excessive absences (87 days) in the period September, 1974 through May, 1975. After a statutory hearing, the hearing commissioner recommended that the petitioner be dismissed. This recommendation was later adopted by the respondent and the petitioner was dismissed on July 25, 1975. It is not proper for an administrative agency to base a decision of an adjudicatory nature, where there is a right to a hearing, upon evidence or information outside the record *(Matter of Simpson v Wolansky,* 38 NY2d 391, 396). There was no evidence adduced at the hearing below that the petitioner was absent for 87 days for the period covered by the complaint. In view of the complete failure of proof upon this essential point, a new hearing must be held. In passing, we also note that many other collateral findings, bearing upon the petitioner's past performance and attendance record, had no evidentiary basis in the record. It should also be emphasized that, although a hearing may be conducted with a degree of informality, the essential due process elements of a trial must be observed *(Matter of Erdman v Ingraham,* 28 AD2d 5). By amending the complaint at trial so as to encompass the petitioner's entire five years of service with the Department of Sanitation, the hearing commissioner clearly violated the principle of due process. The petitioner did not have a fair opportunity to prepare an adequate defense to the amended complaint. Finally, it should be observed that the hearing commissioner, who had sat on petitioner's prior disciplinary hearing, may have unconsciously developed an antipathy toward the petitioner. At one juncture, the hearing commissioner commented to the petitioner: "if you go back and

then go back on LODI [line of duty injury], I won't hold a trial, your dead. I'm giving it to you straight". This remark showed less than the impartiality that is demanded of a hearing commissioner. For the foregoing reasons, respondent's determination must be vacated and a new hearing held. Concur—Murphy, P. J., Lupiano, Silverman, Lane and Lynch, JJ.