(January 17, 1978)

■ In the Matter of FRANK M. TUFARIELLO, Petitioner, v WILLIAM G. BARRY et al., Constituting the New York State Racing and Wagering Board,

Division of Thoroughbred Racing, Respondents.—Determination of respondents, dated August 26, 1977, modifying suspension of petitioner's trainer's license to impose two 30-day suspensions to run consecutively, unanimously annulled, on the law, without costs and without disbursements, and the proceeding is remanded for a new hearing. Petitioner in this article 78 proceeding is a licensed horse trainer. On August 13, 1977, the racing stewards at Belmont Race Course suspended petitioner's license to train horses after it was discovered that two winning horses that he had trained had received medication in violation of the rules. Petitioner appealed this order to the Racing and Wagering Board which stayed the suspension pending a final determination of the appeal by the board. A hearing was conducted by Commissioner Boyd at which the petitioner was called to the witness stand by the board's counsel. Petitioner invoked the Fifth Amendment and refused to answer questions. Over petitioner's objection on the grounds of hearsay, were introduced the tags from the horses' urine samples, letters from the Cornell College of Veterinary Medicine, and another letter that stated the samples were taken within 12 hours after the race. The hearing officer sought to question petitioner and he refused to answer. When petitioner declined to answer, the hearing officer terminated the hearing. Laws of 1962 (ch 311, § 31, as amd) and 9 NYCRR 4022.14 provides for a hearing after imposition of temporary sanctions by the stewards. An administrative hearing requires that due process elements be observed (Matter of Hecht v Monaghan, 307 NY 461). The objectionable documents introduced at the hearing were without proper foundation to show the nature of the tests and procedures utilized by the laboratory or that those tests were scientifically reliable (Matter of Brown v Murphy, 43 AD2d 524). A fair hearing at the administrative level requires that a party be given the opportunity to cross-examine witnesses giving material testimony which may be against his interests, and no element of a fair trial can be dispensed with, without rendering the administrative determination subject to annulment upon review (Matter of Sowa v Looney, 23 NY2d 329). As was held in Matter of Simpson v Wolansky (38 NY2d 391, 395), "True, the hearing conducted by the administrative official acting in a judicial or quasi-judicial capacity may be more or less informal and even technical legal rules of evidence and procedures may be disregarded (cf. Matter of Brown v Ristich, 36 NY2d 183), but included in the fundamental requirement of a fair trial * * * is the entitlement of the party whose rights are being determined to be fully apprised of the proof to be considered, with the concomitant opportunity to cross-examine witnesses, inspect documents and offer evidence in rebuttal or explanation" (citations omitted). Deprivation of this essential right constitutes serious error. In addition, the documents introduced at the hearing were submitted with no foundation and constituted hearsay (Matter of Strain v Sarafan, 57 AD2d 525). Those documents were the only evidence introduced to support the charges, and being hearsay evidence, were incompetent to support any finding against the petitioner. (Matter of Erdman v Ingraham, 28 AD2d 5.) Concur—Murphy, P. J., Birns, Evans and Lane, JJ.