■ In the Matter of RIVERTON FUNERAL HOME, INC., et al., Petitioners, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, Respondent.—Determination of the State Commissioner of Health, dated June 2, 1976, imposing a $10,000 fine upon certain petitioners, revoking certain petitioners' licenses and prohibiting the individual petitioners from registering as owners of any other funeral home in the State of New York, unanimously annulled, on the law, without costs or disbursements, and the matter remanded for a new hearing. Determination of the State Commissioner of Health, dated June 2, 1976, fining certain petitioners the sum of $1,000, unanimously confirmed, without costs or disbursements. The charge that petitioners either forged or knew of the existence of forgery in the 19 applications submitted to the Department of Social Services of the City of

New York for burial allowances was supported by hearsay testimony exclusively at the hearing. None of the applicants testified. The conduit for their versions was an investigator from the Department of Social Services who interviewed the applicants. Moreover, the genuineness of the applicants' signatures used by the handwriting expert as the exemplar for comparison analysis was never established by competent evidence. This, too, was an essential part of the case. While adherence to technical rules of evidence is not required in administrative hearings (State Administrative Procedure Act, § 306, subd 1), "it has been recognized that, under certain circumstances, the receipt of hearsay evidence might be so prejudicial as to have a tendency to deprive a party of a fair hearing" *(Matter of Strain v Sarafan,* 57 AD2d 525; see, also, *Matter of Brown v Murphy,* 43 AD2d 524). Inasmuch as the evidence in support of the forgery charge was entirely hearsay, the finding of guilt was not based on substantial evidence. *(Matter of Tufariello v Barry,* 60 AD2d 813; see, also, *Matter of Erdman v Ingraham,* 28 AD2d 5.) Accordingly, we remand for a new hearing at which respondent should support his charge by evidence which is not exclusively hearsay. We have considered the other points raised and find them to be without merit. Concur—Kupferman, J. P., Lupiano, Lane, Sandler and Sullivan, JJ.