█ In the Matter of FRANK BEATTIE, Petitioner, v MARIO M. CUOMO, as Secretary of State of the State of New York, et al., Respondents.—Determination of respondent Secretary of State, dated December 27, 1977, which

revoked petitioner's private investigator's license pursuant to section 79 (subd 1, pars [a], [d]) of the General Business Law, unanimously modified, on the law, to substitute for the revocation, a suspension of petitioner's license for a one-year period from the date of entry of the order hereon and otherwise confirmed, without costs or disbursements. We have reviewed the record and find the proof adduced at the hearing sufficient to confirm the determination that petitioner has failed to comply with fingerprint and other record-keeping procedures as required by section 81 of the General Business Law over an extensive period of time. Petitioner failed to file fingerprint cards with the Secretary of State within 24 hours after each employee had been hired, as directed by subdivision 5 of section 81 of the General Business Law. Review of petitioner's personnel files revealed that he had maintained haphazard and careless records. Several discrepancies in the records were found, including up-dated, missing and incomplete employee statements. Some employee statements were found undated and contained unanswered questions, no sequential numbering and no signature. Petitioner has followed a pattern of failing to file fingerprint cards and maintain other records in the manner directed by the statute. Under the circumstances, the determination by respondent as to petitioner's disregard of statutory record-keeping procedures was neither arbitrary nor capricious and is firmly supported by the evidence. However, we do find that the penalty imposed—revocation of petitioner's private investigator's license— was excessive punishment under the circumstances of this case. Petitioner has held a private investigator's license since 1961. The record shows that he had been previously investigated but once, with respect to a complaint made in 1966, on similar charges. Under the circumstances, we find revocation of petitioner's license to be so disproportionate to the offense as to warrant the modification herein directed. Although we do not condone petitioner's failure to adhere to the statutorily directed procedure, we have concluded that the reduced sanction is adequate punishment for the misconduct found and should serve to ensure proper compliance in the future after expiration of the period of suspension imposed. Concur—Lupiano, J. P., Silverman, Fein, Lane and Sullivan, JJ.