JOHN BABERNITZ, Appellant, v POLICE DEPARTMENT OF THE CITY OF NEW YORK, Respondent.

First Department, December 21, 1978

## APPEARANCES OF COUNSEL

*Alan E. Wolin* of counsel (*Jack B. Solerwitz,* attorney), for appellant.

*Carolyn E. Demarest* of counsel *(L. Kevin Sheridan* and *Lillian S. Gewirtz* with her on the brief), for respondent.

**OPINION OF THE COURT**

LUPIANO, J. P.

Petitioner-appellant, John Babernitz, is licensed to carry a pistol in Suffolk County where he is a security manager for three sporting goods stores. He endeavored to have his Suffolk County *full carry* pistol permit validated within the City of New York. Subdivision 6 of section 400.00 of the Penal Law provides, in pertinent part: "Any license issued pursuant to this section shall be valid notwithstanding the provisions of any local law or ordinance * * * A license to carry or possess a pistol or revolver, not otherwise limited as to place or time of possession, *shall be effective throughout the state, except* that the same *shall not be valid within the city of New York unless a special permit* granting validity *is issued* by the police commissioner of that city." (Emphasis supplied.) His application for a special permit (not a regular carry permit), that is, one which seeks the validation in New York City of an out-of-city existing permit, was denied on the ground that he did not demonstrate sufficient need. Petitioner was formerly employed in the Customs Service of the United States Treasury Department as a criminal investigator for 30 years, and during 22 of those years served as a firearms training instructor. He is the current president of the United States Treasury Rifle and Pistol Club and for 4 years was employed as a New York State Supreme Court officer. His present job as security manager requires him to transport large sums of money of from $6,000 to $30,000 *each* evening to the local depository bank after his employer's business closes at 9:00 P.M. After depositing the money at the bank, petitioner would proceed to his home in New York City which is five blocks across the city line. The electric protective alarm system at his employer's premises prevented petitioner from returning to the store to leave his pistol there, and thus the only recourse to secure the pistol was to take it home, that is, five blocks within the city line.

Despite the unassailability of the aforesaid, the hearing officer, at the conclusion of the police department hearing on petitioner's application for a special permit, concluded that petitioner "has no business reason to bring weapon into N.Y.C. and is seeking a special permit merely as a conve-

nience. An accommodation could reasonably be made with his employer to allow the weapon to be returned to the store." This conclusion is imbued with an inherent inconsistency. Apart from the hearing officer's speculation as to whether an accommodation could be made with the employer (which speculation conflicts with the record that the electronic protective system at the store premises prevents return of the pistol to such location for safekeeping), the very fact that such speculation was engaged in buttresses the conclusion that the pistol is needed by the petitioner in connection with his employment, i.e., there is a business reason underlying petitioner's special permit request.

The need exists because the record, that is, the entire surrounding circumstances viewed as a whole and not in isolation, and with common sense, dictate that the pistol could not be adequately secured at any point between the store, the bank, and petitioner's home. What is perplexing is the hearing officer's correctly proclaimed basis of analysis at the hearing that petitioner's need would be determined on *"the total need"* as compared with the "need to take the gun home." (Emphasis added.) Obviously, the test of need requires consideration of all relevant factors, and to this end the occupation, the background and the place of work of petitioner and the fact of the Suffolk County permit must be considered. While Suffolk and Nassau Counties might have different criteria regarding permits to carry a pistol, the fact that petitioner met the requirements of such criteria obtains some relevance and may not be arbitrarily discounted.

The plaint of petitioner at the administrative hearing under the circumstances herein is most eloquent: "I'm just trying to stay within the law. And right now I'm being forced to violate the law due to my job and the fact that I live five blocks within the City of New York." Indeed, Special Term recognized that "[b]ecause the store premises are secured at closing by an electric protective alarm system, the petitioner cannot return to the premises to secure his revolver, but instead carries it to his home in Queens County and then returns with it each day to work." However, Special Term declared that "[w]hile [it] is mindful of the unique qualifications of the petitioner * * * no necessity is shown for transporting the weapon home when other adequate safeguarding arrangements could be made by petitioner's employer." This conclu-

sion is simply an adoption by that court of the speculation indulged in by the hearing officer.

As the record clearly demonstrated need, and as the hearing officer and Special Term both perceive that need, it appears that the implication of such need was frustrated by the expedient of transferring to petitioner's employer the responsibility for dissipating or obviating the need by a change in the job requirements, that is, having the deposits made by petitioner without the protection of carrying a pistol; having the position now occupied by petitioner, who accidentally is a New York City resident, filled by an individual not bridled by that impediment; or having the electronic system presently installed changed or remodelled so as to permit petitioner's securing the weapon at the store premises with the expense such change would entail. Whether or not the employer would deem petitioner's services as meriting such disposition or expense need not be dwelled upon. To engage in the aforesaid speculation is to perceive the illogical ramifications with their inherent unfairness of sustaining the determination by respondent disapproving the petitioner's application for a special permit to carry a concealed weapon into the city for purposes of securing it at his home.

Justice is blindfolded, not because she is sightless, but because she endeavors to preserve fairness. It is the dictate of that fairness, the realization that justice is no stranger to common sense, and that the law is not a bureaucratic machine functioning with mindless allegiance to abstraction bent on trapping the unwary, which decrees acknowledgment that petitioner is entitled on this record to a reasoned and reasonable consideration of his application for a special permit which takes into account the requirement of fairness. Parenthetically, it is undisputed that petitioner's Suffolk County full carry permit is valid throughout the State, other than New York City. Assuming petitioner resided outside the City of New York, there would be no necessity for obtaining a special permit. However, what if petitioner subsequently moved into the city from an outside-the-city New York State resident (which is assumed for purposes of this discussion)? The Attorney-General in an informal opinion, dated March 6, 1972, was of the view that under such circumstances surrender of the pistol or revolver, upon change of residence to another county, was not required, but that the statute would have to be complied with as to notification of such change to the proper

authorities and inscription of the change on the license (1972 Opns Atty Gen [Inf Opns] 111-113). The analysis expressed in the opinion possesses the virtue of reasonableness.

Of further import is a *formal* opinion of the Attorney-General, dated December 26, 1972, regarding the issue of whether an officer authorized to issue a pistol license may properly add restrictions to the use of the pistol beyond those set forth in the Penal Law. After analyzing the nature of the various classes of licenses authorized by the Penal Law respecting the possession and use of pistols or revolvers and based upon certain precedent, the Attorney-General opined, as follows: "Hence, I conclude that the broad discretion given to local officers with respect to gun licenses implies the power to issue licenses subject to conditions or restrictions based on local circumstances. Whether or not criminal prosecution would be warranted for a violation of such conditions or restrictions would obviously depend upon the facts of each case and is a matter for the District Attorney to decide" (1972, Opn Atty Gen 4, 5).

The aforesaid opinions of the Attorney-General are cited as an illustration of the fairness, the common sense, the reasonableness with which the licensing provisions of the statute may be applied. To reiterate, the record herein discloses no such virtues.

We have already recognized that "[t]he commissioner in his discretion may limit the use of a pistol by a licensed pistol carrier, but exercise of that discretion must have a rational basis" *(Matter of Michaelson v New York City Police Dept.,* 53 AD2d 573). The absence of a rational basis on this record for the administrative determination denying petitioner a special permit, viewed in light of the aforesaid, requires that this matter be remanded to the police department for reconsideration of petitioner's application for a special permit. The purpose of the remand is to afford the police commissioner the opportunity to consider the reasonableness under all the circumstances of issuing the permit, with the restriction that the weapon may be carried in New York City between the petitioner's home and his place of employment.

The judgment of the Supreme Court, New York County (BLOOM, J.), entered March 6, 1978, which denied and dismissed the petition seeking an annulment of respondent's determination denying petitioner a special permit because of insufficient need, should be unanimously reversed, on the law,

and the petition granted, without costs or disbursements, to the extent of remanding this matter to respondent for reconsideration in accordance with the aforesaid.

EVANS, MARKEWICH, YESAWICH and SULLIVAN, JJ., concur.

Judgment, Supreme Court, New York County, entered on March 6, 1978, unanimously reversed, on the law, and vacated, without costs and without disbursements, and the petition granted to the extent of remanding this matter to respondent for reconsideration in accordance with the opinion of this court filed herein.