OPINION OF THE COURT
Shanley N. Egeth, J.
This is an article 78 proceeding by petitioner to annul the determination of respondent revoking his licenses to carry concealed handguns. Respondent cross-moves to dismiss the petition.
Petitioner has been engaged in the security business for approximately 30 years, and has held a pistol license since December 19, 1944. He is presently employed by IBPI as a security administrator, and does undercover work as well. He has also been a Deputy Inspector of the New York City Auxiliary Police Force, and has received several commendations and awards from the city.
On December 29, 1977, a little after midnight, petitioner was arrested and charged with driving while intoxicated, leaving the scene of an accident and reckless endangerment. The arresting officer pulled over petitioner’s car after being informed by an unidentifed cab driver that petitioner had struck a pedestrian and left without stopping. Petitioner pulled his car over without trying to elude the officer and voluntarily submitted to a breathometer test, which indicated that the level of alcohol was higher than permitted. He admitted having a few drinks at a Christmas party, but denied striking a pedestrian. On April 12, 1978, petitioner pleaded guilty to disorderly conduct and was fined $250 in connection with that incident. No witnesses to the claimed events gave testimony.
Subsequently thereto the respondent discharged petitioner from the Auxiliary Police Force. He was later reinstated at a reduced rank of lieutenant (from deputy inspector) and given a six-month probation. Probation has terminated without further difficulty.
On April 3, 1978, petitioner’s pistol licenses were suspended *188 due to his arrest. A hearing was held on August 10, 1978, resulting in a determination dated August 16, 1978, revoking his pistol licenses on the grounds of circumstances of arrest, and action or attitude of licensee engenders doubt as to his fitness to possess firearms. Thereafter, he appealed administratively. His final administrative appeal was rejected by letter dated September 27, 1978.
Respondent contends that the petition is time barred and must be dismissed for failure to comply with the applicable four-month Statute of Limitations (CPLR 217). This argument is without merit. The period of limitation begins to run when the petitioner actually receives a copy of the administrative determination (Matter of Kaufman v Anker, 66 AD2d 851). Petitioner asserts that he actually received the decision (which is dated Sept. 27, 1978) on Tuesday, October 3, 1978. He was not in his office on Monday, October 2, because he was observing a religious holy day, Rosh Hashanah. This proceeding was commenced on February 1, 1979, within four months of the date he received the determination. Respondent has submitted no proof of the time of mailing the letter containing the decision in an effort to rebut plaintiff’s assertion (see Coors Mgt. Co. v Flynn, NYLJ, Jan. 25, 1979, p 10, col 1). Accordingly, the cross motion to dismiss the petition on the basis of the Statute of Limitations is denied.
 The court will now focus upon the merits of the petition. Although hearsay evidence is generally admissible in an administrative hearing, there must be additional competent evidence to support the finding. (Matter of Carroll v Knickerbocker Ice Co., 218 NY 435, 440; Matter of Tufariello v Barry, 60 AD2d 813.) The court notes that the arresting officer did not personally see petitioner strike anyone. Neither the cab driver, who allegedly informed the arresting officer of the alleged incident, nor the alleged victim, testified against petitioner in any proceeding or judicial forum. Hence, the accusation against him concerning the alleged hit and run incident is based solely upon hearsay (see Matter of Riverton Funeral Home v Whalen, 63 AD2d 887; Matter of Biondolillo v Lang, 57 AD2d 762). There is no competent evidence anywhere in the record to support a finding that the petitioner in fact was guilty of hit and run driving or of leaving the scene of an accident.
There is, however, evidence to support a finding that he had driven his automobile while under some effect from *189 ingestion of alcoholic beverage. The evidence also clearly shows that he pulled his car over when requested by the arresting officer without attempting to evade or escape. Petitioner was co-operative and responsive. He voluntarily took a breathometer test, which indicated some intoxication. Although he was carrying his loaded Beretta, for which he was licensed at the time, he neither displayed nor used it and voluntarily surrendered it when asked to do so. There is not one scintilla of evidence as to any improper use or display of the gun at the scene of the event, or at any other place.
It is irrefutable that petitioner’s arrest was related solely to his operation of a motor vehicle, and a claimed abuse of the privileges surrounding his use of his driver’s license. No abuse of the pistol license or obligations inherent in its use has ever been claimed. The sole issue presented in this proceeding is whether respondent was arbitrary and capricious or abused his discretion when he revoked petitioner’s pistol permit based solely upon this unrelated single motor vehicle incident.
While the court does not in any way condone petitioner’s conduct, particularly since he pleaded guilty to a criminal offense, neither the charge to which he pleaded guilty nor any of the circumstances surrounding his arrest involved any use, misuse or abuse of the privilege to carry a concealed handgun. There has been no showing that the continuation of his privilege to carry a gun would appear to present any unreasonable risk to property or to the safety or welfare of any specific person, or to the general public. It is undisputed that petitioner has an underlying business need for a gun (see Babernitz v Police Dept. of City of N. Y., 65 AD2d 320). It seems that he requires the right to use a handgun to retain one of his jobs, and to maintain his livelihood (see Matter of Beattie v Cuomo, 64 AD2d 565; Rob Tess Rest. Corp. v State Liq. Auth., 68 AD2d 821).
The court has further considered all of the disclosed circumstances and history of this petitioner, including his otherwise exemplary record, and his years of uncompensated voluntary public service as a Deputy Inspector of the Auxiliary Police Force, in which he was awarded numerous commendations and citations by a grateful city.
Petitioner has already more than paid any appropriate debt due to society for his admitted single transgression. This court can fathom no discernible justification for respondent to further inflict an additional penalty upon him for this single act, *190 especially the severe penalty of impairment of livelihood. Respondent’s determination was therefore arbitrary and capricious and an abuse of discretion. It is not unnoticed that in any event petitioner has already been subjected to a possible loss of livelihood from the time of revocation to the date of entry of any judgment herein.
Accordingly, the application of petitioner is granted.