**CLUB STANYON STREET, a Utah non-profit membership corporation, Plaintiff,**

v.

**UTAH LIQUOR CONTROL COMMISSION, Defendant.**

No. 16384.

Supreme Court of Utah.

July 16, 1980.

G. Blaine Davis of Morgan, Scalley & Davis, Salt Lake City, for plaintiff.

Robert B. Hansen, Atty. Gen., John S. McAllister, Asst. Atty. Gen., Salt Lake City, for defendant.

CHRISTOFFERSEN, District Judge:

Plaintiff Club Stanyon Street seeks review and reversal of an order of the defendant Liquor Control Commission suspending plaintiff's liquor store and consumption licenses for one week.

Club Stanyon Street is a private club in Salt Lake City, Utah, is operated as a nonprofit corporation under the laws of the State of Utah and is licensed to serve, consume and sell liquor from the liquor store located on its premises. Pertinent facts of this case involve premise checks of the club by agents of the Liquor Commission. In the 18 months prior to the alleged offense, 18 premise checks were made wherein the agents involved could not gain admittance to the club. However, on November 14, 1978, William Lang, an agent for the Liquor Commission, gained admittance to the club without challenge and testified on that occasion he ordered a vodka collins, was served a drink and then ordered a second one and retained a sample of that drink and again on November 22, repeated the same performance again unchallenged.

No notice of the alleged violation was given to the plaintiff until January 2, 1979. This notice was in the form of a letter wherein a recitation of the facts was given to the plaintiff of alleged violation of Sections 16–6–13.1(9) and 16–6–13.7(2), (3), Utah Code Annotated 1953, and A 96–01–5(6), (a), Utah Liquor Control Commission Rules and Regulations. At the hearing before the Commission, the only testimony it presented was that of agent Lang to the effect stated above. Without any proper foundation or proof as to their alcoholic content, the samples of drinks he had taken were received as evidence. There is also some discrepancy as to the numbering on the exhibits concerning the report on the samples.

■ The Commission as an administrative body may be justified in taking the position that it is not necessarily bound to adhere to the technical rules of evidence and procedure as applied in the courts.[1] Nevertheless, wherein it is performing a duty of a judicial nature in which the finding of facts and the adjudication of important rights is involved,[2] care should be taken that the procedures should comport with standards of fairness and due process.[3]

■ The situation here is similar to that in our recent case of *DeFusion Company v. Utah Liquor Control Commission*, Utah, 613 P.2d 1120 (1980). Sparing repetition, we refer to that decision as applicable here.

It is our conclusion that the record does not justify the order of the Commission suspending the plaintiff's license. It is therefore vacated.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.

WILKINS, J., having disqualified himself, does not participate herein.

1. *American Radio-Telephone Serv., Inc. v. Public Serv. Comm'n*, 33 Md.App. 423, 365 A.2d 314 (1976).

2. See *Common Cause of Utah v. Utah Public Serv. Comm'n*, Utah, 598 P.2d 1312 (1979), and authorities therein cited.

3. *Puncec v. City and County of Denver*, 28 Colo.App. 542, 475 P.2d 359 (1970); *American Radio-Telephone Serv., Inc. v. Public Serv. Comm'n.*, supra, note 1; *Application of Tufariello v. Barry*, 60 A.D.2d 813, 401 N.Y.S.2d 210 (1978).