■ In the Matter of TRIPLE A AUTO DRIVING SCHOOL, INC., Petitioner, v LESLIE G. FOSCHIO, as Commissioner of the Department of Motor Vehicles of the State of New York, Respondent. — Determination of the Commissioner of the Department of Motor Vehicles, dated May 4, 1983, revoking the driving school license of petitioner and imposing a civil penalty of $300, is confirmed and the petition to review such determination dismissed, all without costs.

Petitioner, the operator of a driving school, had had its license suspended on two occasions. It was charged, among other things, with operating such school while its license was under suspension. The hearing officer found that on three occasions — May 27, 1980, May 31, 1980 and June 4, 1980 — it operated a driving school, once with respect to Leonard Welch and twice with respect to Ruth Gobin, while its license was so suspended, in violation of section 394 of the Vehicle and Traffic Law. He also found that, in violation of regulation 76.8 (a) (2) (15 NYCRR), the school failed to enter into its cash book the payments made by Gobin. He recommended that, in light of prior suspensions, the appropriate remedy was revocation of petitioner's license and a fine aggregating $300.

Our dissenting brother would disregard the two charges involving Gobin dealing with the operation of the school when its license was suspended on the ground that the proof of these violations was based on hearsay. However, the residual evidence rule, if ever it had validity in this State, no longer obtains (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180, n), and hearsay proof, of itself, may constitute substantial evidence provided that it is trustworthy and probative and furnishes a rational basis for the conclusion reached. Such, clearly, was here the case.

In light of the findings, which we confirm, there is nothing in the penalty which can be denominated as shocking to the conscience (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 231-233). Concur — Carro, Bloom and Fein, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I dissent and would grant the petition to the extent of annulling the finding that on May 31, 1980, and again on June 4, 1980, at a time when its license was suspended, petitioner engaged in the business of operating a driving school in violation of subdivision 2 of section 394 of the Vehicle and Traffic Law and the finding that petitioner violated regulation 76.8 (a) (2) of the Commissioner of Motor Vehicles (15 NYCRR) by failing to enter into its cash book payments for driving lessons given to Ruth Gobin on May 31 and June 4, 1980.

The only evidence before the hearing officer in support of these charges was a photostat copy of a hearsay affidavit of Ruth Gobin that she received driving lessons from petitioner on those days, for which she made payment by check, purported photostats of those checks, and the hearsay testimony by Inspector Screeney as to a conversation he had with Ruth Gobin. Ruth Gobin was not produced at the hearing and this evidence was received over the objection of petitioner's attorney. We have said on numerous prior occasions that "[w]hile adherence to technical rules of evidence is not required in administrative hearings (State Administrative Procedure Act, § 306, subd 1), 'it has been recognized that, under certain circumstances, the receipt of hearsay evidence might be so prejudicial as to have a tendency to deprive a party of a fair hearing' (*Matter of Strain v Sarafan,* 57 AD2d 525; see, also, *Matter of Brown v Murphy,* 43 AD2d 524)". (*Matter of Riverton Funeral Home v Whalen,* 63 AD2d 887, 888.)

The statement of Ruth Gobin taken ex parte by the investigator, although in the form of an affidavit, was mere hearsay and "[a]s hearsay, such statement * * * standing alone, lack[ed] competency and sufficient probative force to sustain material findings or a determination required to be supported by substantial evidence." (*Matter of Erdman v Ingraham,* 28 AD2d 5, 7, and cases cited therein.) Of the eight charges preferred against petitioner, only four were sustained; the two referred to above and a charged violation of subdivision 2 of section 394 of the Vehicle and Traffic Law, arising from the operation of the driving school on May 27, while under suspension, and the failure to produce course completion certificates on July 9, 1980 in violation of regulation 7.8 (c). Petitioner was fined a total of $300 and its license was revoked. Under the circumstances, and in view of the fact that two of the four charges that were sustained are not based on substantial evidence, the matter should be remanded to the Commissioner of Motor Vehicles for reconsideration of the penalty imposed.