■ In the Matter of INTERLINERS LOUNGE SOCIAL CLUB, LTD., Petitioner, v DEPARTMENT OF CONSUMER AFFAIRS, Respondent.—Determination of respondent Department of Consumer Affairs, dated March 23, 1990, which found petitioner guilty of operating an unlicensed cabaret, and which imposed a $100 fine and ordered the premises padlocked if the unlicensed activity was not halted, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Francis Pecora, J.], entered on

November 23, 1990), is dismissed without costs or disbursements.

The determination of the Department of Consumer Affairs ("DCA") is supported by substantial evidence. Documentary evidence in the form of advertising flyers and testimony from DCA inspectors established that petitioner, a licensee for non-commercial use of the premises, was operating a public cabaret for profit. The DCA investigators, when inspecting petitioner's premises on November 19, 1989, observed, *inter alia,* food and alcoholic beverages being served, patrons dancing to Reggae music, and employees at the front door collecting a $12.00 admission fee per person.

While petitioner is correct in arguing that advertising flyers were received into evidence without a proper foundation being laid for their admission, non-hearsay evidence in the form of testimony from the DCA inspectors and petitioner's Mr. Pratt not only established the relevance of the flyers, but provided competent evidence to support the DCA's determination of petitioner's guilt of the charge *(cf., Matter of Riverton Funeral Home v Whalen,* 63 AD2d 887).

Insofar as petitioner seems to raise a credibility issue regarding the witnesses who testified at the hearing, we note the duty of weighing the evidence and choosing between conflicting evidence rests solely with the administrative agency *(see, Matter of Collins v Codd,* 38 NY2d 269). On this record, we find no reason to disturb the Hearing Officer's substantive findings, all of which are rationally based in the record *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222).

Nor do we find merit to petitioner's contention it was denied due process due to an unclear hearing transcript. While limited portions of the transcript are earmarked "inaudible", petitioner fails to point to a single instance of prejudice resulting from the record's incompleteness *(see generally, Matter of Latrice R.,* 93 AD2d 838).

Petitioner's further contention that the summons issued by the DCA violated the parties' 1987 stipulation prohibiting license enforcement action by the DCA, is without merit. According to the stipulation's express language, enforcement action by the DCA would be stayed pending determination of petitioner's 1986 violation. Notably, a determination on petitioner's 1986 violation was reached March 12, 1987, two and one-half years prior to the issuance of the summons in question.

Finally, contrary to petitioner's argument, section 20-360 (b)

of the Administrative Code of the City of New York, which deems a membership corporation a "cabaret" for directly or indirectly selling food or drink in conjunction with musical entertainment, is not unconstitutional as applied to petitioner (which claims to be a private, non-commercial operator), since the DCA found petitioner is, in fact, engaged in a commercial enterprise open to the public. Concur—Murphy, P. J., Ross, Asch, Kassal and Rubin, JJ.