475 P.2d 359 (1970)
Katherine PUNCEC, Petitioner,
v.
CITY AND COUNTY OF DENVER, State Compensation Insurance Fund, and Industrial Commission of Colorado, a body politic, organized and existing under the laws of the State of Colorado, Respondents.
No. 70-168.
Colorado Court of Appeals, Div. II.
September 22, 1970.
L. F. Butler, Denver, for petitioner.
*360 Fred B. Dudley, Richard G. Fisher, Jr., Denver, for respondents City and County of Denver and State Compensation Insurance Fund.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., Denver, for respondent The Industrial Commission of Colorado.
Selected for Official Publication.
PIERCE, Judge.
This is an appeal from an order of the Industrial Commission affirming a denial and dismissal by the referee of appellant's (claimant before the Commission) petition to reopen. Since there is only one issue involved in this case, we will not detail the entire factual situation, but will confine ourselves only to those facts pertaining to the specific issue raised.
At the hearing on claimant's petition to reopen, the referee heard testimony by claimant and by one of her physicians concerning the alleged deterioration of her physical condition resulting from an earlier compensable injury and not anticipated at the time of the initial award by the Commission. In rebuttal, respondents offered as a witness the librarian in charge of hospital records pertaining to claimant's treatment, who testified only that records in her charge were the complete medical records of the claimant's hospitalization. The referee stated that these records could be copied, with the originals to be returned to the witness. No further testimony regarding the content of the records was taken from this witness, nor from any other. These records were never offered into evidence.
Claimant was not represented by counsel at this hearing, and apparently was in no way offered an opportunity to examine the records nor advised of her right to cross-examine on them. The hearing proceeded with cross-examination of her physician on matters not pertaining to the records.
Although the records were not placed in evidence, they evidently remained in the referee's files, and he alluded to them specifically and used them as a basis for his order, which order denied and dismissed claimant's petition to reopen.
The question presented is: Did claimant receive due process of law when not given an opportunity to inspect, nor to cross-examine on, documents which served as a basis for the denial of her petition? We answer in the negative.
The legislature, by C.R.S.1963, 81-14-3(2) (e), authorized the Commission to receive as evidence, and use as proof of any fact in dispute, hospital records of an injured employee. The legislature did not, however, authorize the Commission to promulgate rules of evidence which courts themselves are without authority to adopt. Western Auto Supply Co. v. Washburn, 112 Colo. 430, 149 P.2d 804. Although the rules of evidence may be somewhat more relaxed in an administrative proceeding than in a court of law, they cannot be so relaxed that due process of law and fundamental rights are disregarded.
It has long been axiomatic that cross-examination is a right, and not a mere privilege. Resurrection Gold Mining Co. v. Fortune Gold Mining Co., 8 Cir., 129 F. 668. This right is fundamental to our judicial system; and although its scope may be restricted, within the sound discretion of the court, it cannot be denied. Carsell v. Edwards, 165 Colo. 335, 439 P.2d 33.
In the instant case, it is true that claimant did not request an opportunity to inspect the hospital records; nor did she seek to cross-examine on them. However, since the referee used the records in rendering a decision against claimant, his failure to advise claimant, who was appearing pro se, of her right of cross-examination was improper, as was his failure to offer her an opportunity to inspect the records before using them against her.
Appellees argue that the referee acted within his power, under Hatterman v. Industrial Commission, Colo., 467 P.2d 820, in which the referee was allowed to consider, in arriving at his decision, certain *361 medical reports which were in his files and which were not offered into evidence. However, that case is distinguishable from the instant case because the referee therein advised the parties, who were represented by counsel, that he would hold a further hearing before announcing his decision, and that he would consider all medical reports which were in the file. Nevertheless, the claimant therein did not attempt to cross-examine the doctor involved, nor otherwise attempt to prevent consideration of the reports. In affirming, our Supreme Court held that claimant could not complain about consideration of the reports, even though not admitted as exhibits at the subsequent hearings, since he had been forewarned that the reports would be considered. There is, however, no such waiver of the right to cross-examination in the case before us.
We accordingly set aside the award of the Commission and remand the case with instructions to hold a new hearing on claimant's petition to reopen.
DWYER and ENOCH, JJ., concur.