**PUEBLO SCHOOL DISTRICT NO. 60, Petitioner,**

v.

**Tom L. CLEMENTI, State Compensation Insurance Authority, and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 88CA1037.**

Colorado Court of Appeals, Div. III.

June 1, 1989.

Petersen & Fonda, P.C., Kathleen K. Hearn and Thomas T. Farley, Pueblo, for petitioner.

Law Offices of J.E. Losavio, Jr., J.E. Losavio, Jr., Pueblo, for respondent Tom L. Clementi.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Curt P. Kriksciun, Asst. Atty. Gen., Denver, for respondents State Compensation Ins. Authority and the

Industrial Claim Appeals Office of the State of Colo.

NEY, Judge.

Petitioner, Pueblo School District No. 60, seeks review of the final order of the Industrial Claim Appeals Office (Panel) which affirmed the determination by the Administrative Law Judge (ALJ) that petitioner did not file a timely petition to review the ALJ's original order. Because we conclude that the ALJ should have set this matter for a full evidentiary hearing, we set aside the order.

On June 1, 1987, the ALJ issued an order awarding the claimant maximum total disability. This order was mailed to the petitioner on June 5, 1987. Pursuant to § 8–53–111, C.R.S. (1986 Repl.Vol. 3B), then in effect, any petition to review would have had to be filed on or before June 25, 1987. On June 24, 1987, petitioner sent its petition through a private overnight delivery company.

On August 21, 1987, the ALJ dismissed the petition based on its finding that the petition had not been received until June 26, 1987.

The petitioner filed a motion to review this determination, and, in support of the motion, filed various documents and affidavits indicating that the overnight delivery company had delivered the petition on June 25, 1987. The claimant, Tom L. Clementi, filed a motion to dismiss on procedural grounds, but prior to the hearing thereon, he raised no objection to the authenticity of the documents filed by petitioner.

The record reveals that various motions were set for hearing on November 16, 1987. Petitioner's attorney issued a "notice of hearing" which stated that a "[h]earing on all pending Motions is scheduled for November 16, 1987." Neither this notice nor any notice by the division complied with the requirements of § 8–53–109(1), C.R.S. (1986 Repl.Vol. 3B), which provides that: "[A]t least twenty days prior to any hearing, the division shall send written notice to all parties.... The notice shall: ... (c) [i]nform the parties that they must be prepared to present their evidence concerning the issues to be heard." Also, at the opening of the hearing, the ALJ stated that the case "is set for *argument* on all outstanding motions." (emphasis added)

Based on evidentiary objections raised by claimant's attorney, the ALJ refused to consider certain affidavits that had been filed in support of the petitioner's motion, and petitioner was unprepared to present direct testimony of the matters addressed in the affidavits. As a result, the only evidence before the ALJ regarding the date of filing of the petition for review was the filing stamp on the petition. The ALJ therefore rejected petitioner's assertions that its petition for review had been timely filed.

We conclude that, under these circumstances, the panel erred in not concluding that the ALJ abused his discretion. By ruling on the pending motions without setting the matter for a full evidentiary hearing and complying with the notice provisions of § 8–53–109(1)(c), the ALJ deprived petitioner of the right to substantiate its claim that its petition for review was timely filed. *Cf. Puncec v. City & County of Denver*, 28 Colo.App. 542, 475 P.2d 359 (1970).

The order is therefore set aside and the cause is remanded to the Panel for remand to the ALJ to conduct an evidentiary hearing and make appropriate findings regarding the timeliness of petitioner's filing of its petition for review.

CRISWELL and RULAND, JJ., concur.