**REGIONAL TRANSPORTATION DISTRICT, Petitioner,**

v.

**Peggy L. JACKSON and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 90CA0150.**

Colorado Court of Appeals,
Div. I.

Jan. 17, 1991.

Regional Transp. Dist., Donald C. Deagle, Denver, for petitioner.

Green & Josefiak, Mary M. Josefiak, Denver, for respondent Peggy L. Jackson.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Carol A. Finley, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Opinion by Judge TURSI.

The Regional Transportation District (R.T.D.), a self-insured employer, seeks review of the final order of the Industrial Claim Appeals Office (Panel) awarding the claimant, Peggy Jackson, permanent total disability. We affirm.

Following an incident in which claimant, an R.T.D. bus driver, was assaulted and forced to drive her bus at gunpoint to Bennett, Colorado, claimant experienced severe psychological difficulties and ultimately was diagnosed as suffering from post-traumatic stress and a major depressive disorder. Throughout the 45–minute drive, claimant had pressed an emergency button to summon help, but she later learned that the emergency buttons on the R.T.D. buses were not functional.

Prior to the incident, in 1984, claimant had been assaulted by a passenger who slashed her arm with a razor blade. Following the second assault, claimant began experiencing acute and severe episodes of terror, nightmares, headaches, frequent memory lapses, and suicidal ideation. She was examined by two psychologists, including her treating psychologist, and by a psychiatrist selected by R.T.D. The three experts unanimously opined that claimant was suffering from an acute post-traumatic stress episode and a major depressive disorder.

Based on the medical evidence, the Administrative Law Judge (ALJ) found that claimant had an underlying psychological disorder which was aggravated by the recent assault and the earlier assault in which a passenger slashed her arm with a blade. The ALJ concluded that claimant had been rendered permanently and totally disabled by these events.

On review to the Panel, R.T.D. contested the ALJ's determination that claimant had reached maximum medical improvement. R.T.D. also argued that the ALJ erred in failing to admit into evidence an order issued by the Director of the Division of Labor pursuant to the medical utilization review statute, § 8–43–501, C.R.S. (1990 Cum.Supp.). That order, based on the recommendation of a medical utilization review committee, required a change in claimant's treating psychologist. R.T.D. argued that the committee's recommendation, and the Director's order based thereon, impliedly suggest that claimant's treatment under the initial treating psychologist was apparently deficient and that, therefore, a determination on maximum medical improvement may have been premature.

The Panel rejected R.T.D.'s argument. It concluded that the General Assembly intended the utilization review process under § 8–43–501 to be a separate proceeding from the claim process for workers' compensation. Thus, the Panel held that records from the utilization review process are not admissible in evidence in compensation claims hearings.

I.

■ Initially, we reject R.T.D.'s contention that the evidence fails to support the ALJ's finding of maximum medical improvement, and that the Panel failed to resolve substantial conflicts in the medical evidence.

■ Factual findings are sufficient if they identify the evidence which the fact finder deemed persuasive and determinative of the issues resolved. *See Crandall v. Watson–Wilson Transportation System, Inc.,* 171 Colo. 329, 467 P.2d 48 (1970).

■ Here, the ALJ reviewed the record as a whole and specifically relied on the testimony of the treating psychologist, the evidence of a referring doctor of psychology, and the report of the psychiatrist selected by R.T.D. Thus, the basis for the finding is apparent from the order and from the record as a whole. *See State Compensation Insurance Authority v. Industrial Claim Appeals Office,* 786 P.2d 423 (Colo.App.1989).

## II.

■ R.T.D. also argues that the Panel misconstrues § 8–43–501 and that records and orders from the utilization review process should be admitted in compensation claims hearings. We do not agree.

■ The statute now codified as § 8–43–501 was enacted by the General Assembly in 1988. *See* Colo.Sess. Laws 1988, ch. 49, § 8–49–102 at 375. In determining the intention of the General Assembly when enacting the statute, we look first to the legislative declaration of purpose. *See In re Interrogatories of U.S. District Court,* 686 P.2d 790 (Colo.1984).

The statute provides in pertinent part: "The general assembly hereby finds and determines that insurers and self-insured employers should be required to pay for all medical services pursuant to this article which may be reasonably needed at the time of an injury or occupational disease to cure and relieve an employee from the effects of an on-the-job injury. However, insurers and self-insured employers should not be liable to pay for care unrelated to a compensable injury or services which are not reasonably necessary or not reasonably appropriate according to accepted professional standards. The general assembly, therefore, hereby declares that *the purpose of the utilization review process authorized in this section is to provide a mechanism to review and remedy services rendered pursuant to this article which may not be reasonably necessary or reasonably appropriate according to accepted professional standards.*" (emphasis added)

The statute provides that any injured worker, insurer, or self-insured employer may request a review of the services rendered by a health care provider. *See* § 8–43–501(2), C.R.S. (1990 Cum.Supp.). Each request is submitted to a utilization review committee comprised of three members appointed by the Director from select areas of health care practice. *See* § 8–43–501(3), C.R.S. (1990 Cum.Supp.).

The committee is required to review the medical records in each case and to issue a report to the Director on the "medical necessity and appropriateness" of the health care services in question. The committee's recommendation must be accepted by the Director. *See* § 8–43–501(3).

The statute also establishes the administrative appeal procedure by which a party affected by an order based on the recommendation may appeal either to the Director or to an Administrative Law Judge. *See* § 8–43–501(5)(b), C.R.S. (1990 Cum. Supp.).

The administrative rules adopted to implement the statute restrict the committee's consideration to whether: 1) the medical records are sufficient to establish the medical necessity of the treatment; 2) the claimant should continue with his or her provider; 3) payment should be denied retroactively for any services provided which are found to be without medical indication or for which there is inadequate documentation of medical indication; and 4) if so, the date from which reimbursement should be denied. *See* Department of Labor and Employment Rule XIV(5), 7 Code Colo.Reg. 1101–3.

Admission of the Director's order into evidence is provided only when a party appeals the order concerning the propriety of the services rendered by the health care provider to an ALJ and has requested a hearing pursuant to that appeal. *See* § 8–43–501(5)(b)(III), C.R.S. (1990 Cum. Supp.). The statute is devoid of any indication, express or implied, that the Director's order under § 8–43–501 is admissible for any purpose pertinent to the compensation claim process.

Significantly, the statute makes no provision for safeguarding a party's due process rights by permitting a party adversely affected by a committee recommendation to question or depose committee members regarding the recommendation. *See Puncec v. Denver*, 28 Colo.App. 542, 475 P.2d 359 (1970) (if an administrative adjudication turns on questions of fact, parties have a due process right to cross-examine adverse witnesses).

■ The construction of a statute by administrative officials charged with its enforcement is given deference by the courts. *Denver v. Industrial Commission*, 690 P.2d 199 (Colo.1984). In this case, the Panels' ruling, combined with the wording of the statute and its specific declaration of legislative intent, persuades us that the utilization review process is a separate and distinct proceeding from the compensation claim process. Accordingly, we agree with the Panel that the ALJ properly declined to consider the Director's order under § 8–43–501 in determining whether claimant had reached maximum medical improvement.

Accordingly, the order is affirmed.

PIERCE and PLANK, JJ., concur.