**117TH ASSOCIATES,**
**Petitioner–Appellee,**

**and**

**The State Board of Assessment Appeals, Appellee,**

v.

**JEFFERSON COUNTY BOARD OF EQUALIZATION,**
**Respondent–Appellant.**

**No. 90CA0622.**

Colorado Court of Appeals, Div. V.

April 25, 1991.

No appearance for petitioner-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry A. Williams, First Asst. Atty. Gen., Denver, for appellee.

Patrick R. Mahan, Jefferson County Atty., William A. Tuthill III, Brian L. Utzman, Asst. County Attys., Golden, for respondent-appellant.

Opinion by Judge HUME.

The Jefferson County Board of Equalization (JCBOE) seeks judicial review of a consolidated order entered by the State Board of Assessment Appeals (BAA) reducing the 1989 assessed valuation of real property owned by 117th Associates (taxpayer) in the Broomfield Industrial Center. We reverse the order.

Taxpayer's appeal of the Jefferson County Assessor's assessment valuations of two parcels with separate tax schedule numbers was denied by the JCBOE, whose resolution sustained the total assessed valuation at $999,431. Thereafter, taxpayer sought *de novo* review of the JCBOE's

decision by the BAA, pursuant to § 39–8–108(1), C.R.S. (1990 Cum.Supp.).

In its petition, taxpayer stated that it would be present and represented by legal counsel at the *de novo* hearing and that it would provide attachments stating the facts and law upon which the appeal was based, and a list of witnesses and exhibits to be used at the hearing. The petition was signed by a representative of taxpayer and by its legal counsel.

A hearing was scheduled and held before the BAA on February 28, 1990. No representative, witness, or legal counsel for the taxpayer appeared at the hearing. However, the BAA did enter into evidence two unsigned "market reports" submitted by the taxpayer that consisted of a list of sales representing claimed comparable values lower than those used by the assessor and the JCBOE.

Counsel for the JCBOE objected to admission of the "market reports" and moved to dismiss the appeal on the grounds that taxpayer's exhibits were hearsay statements and that the non-appearance by taxpayer or the author of the market reports denied the JCBOE its opportunity for and right of cross-examination.

In denying the motion to dismiss, the BAA chairman stated the following:

"The Petitioners have notified us that they will not be present at the hearing today and that they would like the [BAA] to rule on the documentation submitted....

"What we have done in the past ... is if the Petitioner has submitted any documentation that pertains to either [sic] of the three approaches [cost, market and income], we consider it. We decide what weight to give that evidence...."

The JCBOE then presented both testimonial and documentary evidence through a representative of the Jefferson County Assessor's office. On March 9, 1990, the BAA entered its order reducing the total valuation to $893,011, relying upon its consideration of "both parties' comparable sales."

The JCBOE contends that the BAA erred in denying the motion to dismiss the appeal and in granting relief on appeal, contending that taxpayer failed, as a matter of law, to sustain its burden of proof. We agree.

■ An assessor's ascertainment of the value of property for taxation is presumed to be correct. *Colorado & Utah Coal Co. v. Rorex,* 149 Colo. 502, 369 P.2d 796 (1962). To rebut that presumption, a protesting taxpayer must prove by a preponderance of evidence that the assessor's valuation is wrong. *See County Board of Equalization v. Board of Assessment Appeals,* 743 P.2d 444 (Colo.App.1987). The BAA's own rules require the taxpayer to shoulder the burden of proof. *See* Department of Local Affairs Board of Assessment Appeals Rule 14, 8 Code Colo.Reg. 1301-1.

In order to sustain the burden of proving the assessors' valuation incorrect, only competent evidence can be considered. Here, the only evidence offered by the taxpayer was the unsigned written hearsay "market reports" prepared by an unknown author.

■ The fact, however, that evidence is hearsay does not necessarily render it incompetent in administrative proceedings. *See* § 24-4-105(7), C.R.S. (1988 Repl.Vol. 10A). Although an administrative hearing officer or body may rely on hearsay evidence, due process requires that such evidence be shown to be of a kind commonly relied upon so as to be worthy of belief under similar circumstances. *See Colorado Department of Revenue v. Kirke,* 743 P.2d 16 (Colo.1987). Such evidence must possess probative value commonly accepted by reasonable and prudent persons in the conduct of their affairs. Section 24-4-105(7), C.R.S. (1988 Repl.Vol. 10A).

Our Supreme Court has set out nine factors which are instructive in determining whether hearsay evidence is reliable, trustworthy, and probative for purposes of an administrative hearing. They are: (1) whether the statement is written and signed, (2) whether the statement was verified, (3) whether the declarant had a bias, (4) whether the hearsay is contradicted, (5) whether the declarant is credible, (6) whether the hearsay has corroboration, (7) whether the case turns on credibility of witnesses, (8) whether the party relying on the hearsay adequately explains his failure to call the declarant to testify, and (9) whether the adverse party had sufficient prior access to the statement or the opportunity to subpoena the declarant. *Industrial Claim Appeals Office v. Flower Stop Marketing Corp.,* 782 P.2d 13 (Colo.1989).

■ Our review of the record convinces us that the taxpayer's hearsay evidence does not have sufficient indicia of trustworthiness to satisfy the *Flower Stop* criteria.

Although the rules of evidence are relaxed under the State Administrative Procedure Act, *see* § 24-4-105(7), C.R.S. (1988 Repl.Vol. 10A), such relaxation must not be extended so as to disregard due process of law and fundamental rights. *Puncec v. City & County of Denver,* 28 Colo.App. 542, 475 P.2d 359 (1970).

Section 24-4-105(7) provides that "every party ... shall have the right ... to submit rebuttal evidence and to conduct such cross-examination as may be required for a full and true disclosure of the facts." Cross-examination is a right rather than a mere privilege; and while its scope may be reasonably restricted within a court's sound discretion, cross-examination cannot be denied. *Puncec v. City & County of Denver, supra.*

Here, the JCBOE's right to any cross-examination was completely and conclusively denied. Therefore, because the taxpayer's evidence did not comport with guidelines established in the *Flower Stop* ruling, and was not subject to cross-examination by the JCBOE, such evidence was incompetent for admission and consideration by the BAA.

There being no other evidence whatsoever in support of the taxpayer's appeal, the order of the BAA is reversed, and the cause is remanded to the BAA with directions that the petition for *de novo* review be dismissed.

PLANK and NEY, JJ., concur.