**Sharon HARGETT, Petitioner,**

v.

**DIRECTOR, DIVISION OF LABOR, The Industrial Claim Appeals Office of the State of Colorado, and Colorado Compensation Insurance Authority, Respondents.**

**No. 90CA1754.**

Colorado Court of Appeals,
Div. I.

Oct. 8, 1992.

As Modified on Denial of Rehearing
Nov. 13, 1992.

Certiorari Denied June 14, 1993.

Dawes and Harriss, P.C., Robert C. Dawes, Durango, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John R. Parsons, Asst. Atty. Gen., Denver, for respondents Director, Div. of Labor, and Industrial Claim Appeals Office.

Carolyn A. Boyd, Denver, for respondent Colorado Compensation Ins. Authority.

Opinion by Judge NEY.

This appeal raises questions of first impression regarding the statute and administrative rules governing medical utilization review in workers' compensation claims. Claimant, Sharon Hargett, contests an order of the Industrial Claim Appeals Panel requiring a change in her authorized health care provider, who had become her business associate. We affirm in part, set aside in part, and remand for further proceedings.

In September 1988, an Administrative Law Judge (ALJ) found claimant to be twenty percent permanently partially disabled as the result of an admitted industrial injury to her back. The ALJ found that claimant was unable to engage in full-time employment and ordered that respondents provide her with ongoing medical benefits pursuant to *Grover v. Industrial Commission*, 759 P.2d 705 (Colo.1988).

Thereafter, in January 1989, respondents filed a request for medical utilization review pursuant to Colo.Sess.Laws 1988, ch. 49, § 8–49–102 at 375 (subsequently amended and reenacted as § 8–43–501(5), C.R.S. (1992 Cum.Supp.)), to determine the medical necessity and appropriateness of the claimant's care. Claimant was sent a written notification advising her of the request and stating that she had thirty days to submit any medical reports that she considered relevant to the review.

By letter dated February 24, 1989, claimant's attorney submitted two medical reports from claimant's treating physician, Dr. Rik Heinz, D.C.

The three members of the medical utilization review committee unanimously agreed that claimant should not continue treatment with Dr. Heinz. Two of the committee members further recommended that (1) claimant should not receive additional medical treatment of any kind and (2) that payment to Dr. Heinz be denied retroactively pursuant to Colo.Sess.Laws 1988, ch. 49, § 8–49–102(3)(c) at 376, C.R.S. (now codified at § 8–43–501(3)(c)(II), C.R.S. (1992 Cum.Supp.)).

In accordance with the committee's action, the Director ordered a change of the claimant's authorized health care provider.

On May 18, 1989, the claimant sought review of the Director's order by filing an application for a hearing pursuant to Colo. Sess.Laws 1988, ch. 49, § 8–49–102(5) at 377 (subsequently amended and now codified at § 8–43–501(5), C.R.S. (1992 Cum. Supp.)). The Division of Labor denied the claimant's request for an evidentiary hearing, stating that review before an Administrative Law Judge (ALJ) under the statute was limited to an appellate review of the record.

In April 1990, an ALJ entered an order affirming the Director's order, and that order subsequently was affirmed by the Panel in September 1990.

The claimant perfected a timely appeal to this court. In reviewing the administrative file, claimant learned that the medical reports which she had submitted from Dr. Heinz were not included in the medical utilization review file. On claimant's motion, our court granted a remand of the case to permit the claimant to petition the Division for a reopening of the medical utilization review proceedings and reconsideration based on Dr. Heinz' reports. The petition to reopen was denied by the Di-

rector, and the denial was affirmed by the Panel.

The claimant's amended notice of appeal seeks review of both the original medical utilization review proceeding and the denial of her petition to reopen those proceedings.

### I.

Claimant contends the failure of the Division of Labor to provide her with a de novo hearing violated the terms of the medical utilization review statute then in effect, Colo.Sess.Laws 1988, ch. 49, § 8–49–102(5) at 375, and deprived her of constitutional due process. She argues that she is constitutionally and statutorily entitled to an evidentiary hearing concerning the effectiveness of the disputed treatment. We agree that claimant is entitled to an evidentiary hearing; however, we disagree that a de novo hearing is required under the medical utilization review statute.

A workers' compensation claimant is entitled to such medical benefits as are reasonably necessary to relieve the worker from the effects of an industrial injury or occupational disease. *Grover v. Industrial Commission, supra.* Therefore, a claimant's previously authorized workers' compensation benefits cannot be terminated without the protections of procedural due process. *See Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *see also City & County of Denver v. Eggert,* 647 P.2d 216 (Colo. 1982); *Ellis v. City of Lakewood,* 789 P.2d 449 (Colo.App.1989).

However, as we read the pertinent statute, the medical utilization review statute does not authorize a *termination* of previously authorized medical benefits. Rather, Colo.Sess.Laws 1988, ch. 49, § 8–49–102(3)(c) at 376 states in pertinent part:

For each case, a committee may recommend by a majority vote of such committee that no change be ordered with respect to a case or that a change of provider be ordered. A committee, by unanimous vote, may recommend that the director order that payment for fees charged for services in the case be retro-

actively denied. The director *shall accept* the recommendation of a committee *and base his order entered pursuant to this section thereon.* (emphasis added)

Thus, under the statutory language, as it then existed, the committee could only recommend 1) a change in medical provider and 2) a retroactive denial of fees for the present provider. The statute did not authorize the utilization review committee to recommend a termination of benefits; nor did it authorize the Director to order a termination of benefits based on the committee's recommendation.

We acknowledge that insofar as the committee is required to review the overall necessity and appropriateness of health care treatment, it could conclude that further treatment is no longer reasonably necessary. Similarly, we recognize that a change in health care provider may well result in the termination of a particular *type* of health care treatment. Here, for instance, the claimant wished to continue chiropractic care, whereas the respondents wanted claimant to be treated by an orthopedic physician. Or, the committee may conclude that a change in a health care provider within the same specialty is appropriate.

However, in such circumstances, we believe the remedy for the affected party is to request an evidentiary hearing under the hearing and review provisions of the Act. Section 8–53–103(1), C.R.S. (1986 Repl.Vol. 3B) provides in pertinent part:

Hearings shall be held to determine any controversy concerning *any issue* arising under articles 40 to 54 of this title. (emphasis added)

(subsequently amended and reenacted at § 8–43–207, C.R.S. (1992 Cum.Supp.)).

We note that under Colo.Sess.Laws 1986, ch. 49, § 8–49–102(5)(a) at 375, in effect here, a party to the utilization review proceeding "may appeal an order [of the Director] ... by requesting a hearing pursuant to article 53 of this title." However, Colo.Sess.Laws 1988, ch. 49, § 8–49–102(5)(b)(III) at 378 states that if a party appeals:

**1320** ◼　◼

by requesting a hearing before an administrative law judge according to the provisions of article 53 of this title, the report of the utilization review committee upon which the director based his order. ... shall be *admissible in evidence*, and if the report of the utilization review committee upon which the director based his order in the case under this section is supported by *substantial evidence*, the director's order shall not be altered by the administrative law judge. (emphasis added)

While the phrase "admissible in evidence" suggests an evidentiary, or de novo, hearing, the statute does not grant the ALJ any fact-finding authority; instead, the statute imposes an appellate standard of review and restricts the ALJ to determining whether the Director's order is supported by substantial evidence.

◼◼◼　The statute is therefore ambiguous. A cardinal rule of statutory construction is that a legislative act must be construed as a whole to give a consistent, harmonious, and sensible effect to all its parts. *Lucero v. Climax Molybdenum Co.*, 732 P.2d 642 (Colo.1987). If separate clauses within a statute or act may be harmonized by one construction, but would be antagonistic under a different construction, a construction which results in harmony rather than inconsistency should be adopted. *People v. District Court*, 713 P.2d 918 (Colo.1986). Likewise, a court must strive to construe a statute in a manner that upholds its constitutionality. *Henderson v. RSI, Inc.*, 824 P.2d 91 (Colo. App.1991).

◼◼　Because § 8–49–102 does not authorize a termination of medical benefits, we conclude that review to the ALJ under § 8–49–102 is limited to a review of the record to determine whether the Director's order is supported by substantial evidence. However, if the Director's order has terminated a particular type of benefits, *e.g.*, chiropractic care, or if a party seeks to terminate medical benefits based on the review proceedings, the party aggrieved must seek appropriate relief by requesting an evidentiary hearing under § 8–53–

103(1). In such cases, the ALJ will have full authority to review the matter de novo and to enter an appropriate order based on the evidence submitted.

This interpretation insures a consistent, harmonious, and sensible construction of the Act, while safeguarding the parties' right to due process of law.

We also find no inconsistency between our construction of the statute and this court's holding in *Regional Transportation District v. Jackson*, 805 P.2d 1190 (Colo.App.1991). In *Jackson* we held that records and orders from the utilization review process were not admissible in a hearing to determine permanent partial disability benefits.

Because the purpose of medical utilization review is to review medical care, and not to assess occupational or industrial disability, the court in *Jackson* held that medical utilization review records should be excluded from hearings to determine disability. However, if the issue in controversy is not industrial disability, but rather, the necessity and appropriateness of medical care, then the medical utilization committee reports and the Director's order, based thereon, should be admissible in hearings under § 8–53–103(1), subject to the hearing officer's evidentiary rulings.

Finally, inasmuch as the claimant requested an evidentiary hearing at the time she appealed the Director's order pursuant to § 8–49–102(5)(a), her request for hearing should be treated as a request for hearing under § 8–53–103(1). Therefore, the Panel is directed to remand the matter to the ALJ for a hearing under § 8–53–103(1) on the merits of the claimant's contentions.

## II.

Claimant next contends that the administrative rules promulgated to implement medical utilization review exceeded the scope of the legislative delegation under § 8–49–102.

She argues that a review of chiropractic treatment, as here, should be conducted by a committee "consisting entirely of chiropractors" and that the committee which

reviewed her chiropractic care, consisting of two medical doctors and one chiropractor, was a violation of § 8–49–102. She further argues that the administrative rules impermissibly permit members of the review committees to submit individual reports and recommendations, rather than a single, unified committee report. We are not persuaded.

 A party challenging an administrative rule adopted pursuant to statutory authorization has the burden to establish the invalidity of the rule. *Regular Route Common Carrier Conference v. Public Utilities Commission,* 761 P.2d 737 (Colo. 1988). Also, in determining the validity of an administrative rule or regulation, a court must accord substantial deference to the interpretation of the regulation and underlying statute given by the agency charged with its administration. *See Timberline Sawmill & Lumber Inc. v. Industrial Commission,* 624 P.2d 367 (Colo.App. 1981).

The Director of the Division of Labor is granted broad discretionary power to promulgate rules and regulations under the Colorado Workers' Compensation Act. Section 8–46–108, C.R.S. (1986 Repl.Vol. 3B) (subsequently amended and recodified at § 8–47–104, C.R.S. (1992 Cum.Supp.)).

In addition, Colo.Sess.Laws 1988, ch. 49, § 8–49–102(3)(a) at 376, expressly authorized the Director to:

> establish committees based on the different areas of health care practice for which requests for utilization review may be made. *The director, by rule and regulation, shall establish the qualifications for members of the different committees and the areas of health care practice in which each such committee shall conduct requested utilization reviews.* (emphasis added)

 The administrative rules adopted by the Division at the time of review in question here established four general types of committees: 1) Joints/Musculoskeletal Committee, composed of one chiropractor, one orthopedic surgeon, and one outpatient occupational medical practitioner; 2) Internal Medicine Committee, consisting of one outpatient occupational medicine practitioner and two internal medicine specialists (*i.e.,* neurologist, cardiologist, dermatologist or general internist); 3) Dental Committee, consisting of three dentists; and 4) Psychiatry Committee, consisting of one outpatient occupational medicine practitioner and two psychiatrists. Department of Labor and Employment Rule XIV(5)(e), 7 Code Colo.Reg. 1101–3 (subsequently amended and now contained in Rule XIV(D)(5), 7 Code Colo.Reg. 1101–3).

Clearly, the foregoing regulation reasonably complies with the letter and spirit of § 8–49–102 and is fully consistent with the director's delegated authority. The regulation is neither arbitrary, unreasonable, nor inconsistent with the legislative purposes under § 8–49–102. *See Colorado Auto & Truck Wreckers Ass'n v. Department of Revenue,* 618 P.2d 646 (Colo.1980).

 Similarly, we perceive no fatal inconsistency between § 8–49–102(3), which provides that "[e]ach committee shall issue a report to the director on the findings for each case reviewed," and the corresponding administrative rule, Department of Labor and Employment Rule XIV(5)(c), 7 Code Colo.Reg. 1101–3 (subsequently amended and now contained in Rule XIV(D)(3), 7 Code Colo.Reg. 1101–3), which requires committee members to submit independent reports and recommendations. Inasmuch as the committee votes needed for the respective committee recommendations are statutorily established, *see* § 8–49–102(3), it was neither arbitrary nor unreasonable for the Division to require committee members to submit individual reports and recommendations.

### III.

 Claimant next contends that the Director erred in denying her petition to reopen the medical review utilization proceeding for a reconsideration of the medical reports submitted by her treating physician. We perceive no error.

The Director denied the petition on grounds that the omission was not timely raised by claimant. He also determined

**1322**

that any error was harmless inasmuch as the reports from Dr. Heinz added "nothing" to alter the basis for his order of April 17, 1989. The record supports the Director's ruling.

Generally, allegations of error that are not timely raised during administrative proceedings are deemed waived. *See Apache Corp. v. Industrial Commission,* 717 P.2d 1000 (Colo.App.1986).

Moreover, even if we assume *arguendo,* that claimant's untimely assertion of error was excusable, there is no affirmative showing on the record that the committee failed to consider Dr. Heinz' report or, alternatively, that consideration of the report would have produced a different result. *See* § 8–43–310, C.R.S. (1992 Cum.Supp.). Therefore, we affirm the denial of claimant's petition to reopen. We note, however, that Dr. Heinz' reports should be admitted at the hearing under former § 8–53–103(1) on remand to the ALJ.

### IV.

■ Finally, claimant contends that the ALJ and Panel erred in affirming the Director's order under § 8–49–102(3), requiring a change in her authorized health care provider. We do not agree.

The medical evidence submitted by the respondents, together with the findings of the utilization committee members, which noted, *inter alia,* that the claimant and her treating chiropractor had become business associates in the practice of chiropracty, provided ample support for the Director's order, and that order is therefore binding on review.

The administrative orders are set aside insofar as they denied the claimant a hearing under former § 8–53–103(1). The cause is remanded with directions to the Panel to treat the claimant's request for hearing as a request for hearing under § 8–53–103(1), and to remand the matter to the ALJ for a hearing. The remaining issues raised by the claimant are rejected, and the Panel's ruling on those issues is affirmed.

DAVIDSON and BRIGGS, JJ., concur.