**Audrey DONN, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OF-FICE OF the STATE OF COLORADO and Self–Insurers Services, Inc., Respondents.**

**No. 92CA0863.**

Colorado Court of Appeals,
Div. III.

May 20, 1993.

Rehearing Denied July 15, 1993.

Cucullu & Pring, Cynthia M. Pring, Colorado Springs, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John R. Parsons, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Greengard Senter Goldfarb & Rice, Karen Treece Peterson, Anne Botterud–Latta, Denver, for respondent Self–Insurers Services, Inc.

Opinion by Judge NEY.

Claimant, Audrey Donn, contests an order of the Industrial Claim Appeals Panel requiring a change in her authorized health care provider. We set aside the order and remand for further proceedings.

Claimant was injured in an automobile collision in the course and scope of her employment in October 1987. Respondents admitted liability for the injuries, and in January 1988, claimant was referred to Dr. Fecteau, an osteopath, who became her authorized treating physician. In 1990, respondents filed a request for medical utilization review (M–U–R) pursuant to the statute now codified as § 8–43–501, C.R.S. (1992 Cum.Supp.) to determine the medical necessity and appropriateness of Dr. Fecteau's treatment.

A committee of health care providers reviewed the claimant's medical files and submitted their recommendations to the Director of the Division of Labor (Director). Based on the committee's recommendations, the Director found that Dr. Fecteau's treatment of claimant was not reasonably necessary and appropriate and ordered that a change of provider be made. In addition, the Director retroactively denied payment for all medical expenses incurred by the claimant between September 20, 1989, and the date of the order, August 12, 1991. The Director's

order was upheld on review by both an Administrative Law Judge (ALJ) and the Panel.

On review to this court, claimant challenges the administrative orders on several grounds.

## I.

Claimant argues that she was denied procedural due process by the refusal of the Division to include in her M–U–R file two medical reports which she submitted. We agree that this was error.

■ Section 8–43–501(2)(a), C.R.S. (1992 Cum.Supp.) provides that a party to a utilization review proceeding has 30 days from the date of notification in which to:

examine the medical records submitted by the claimant, insurer, or self-insured employer requesting review and [to] *add medical records to the utilization review file that the party believes may be relevant to the utilization review.* (emphasis added)

The statute makes no provision for an extension of time if a party is unable to meet this deadline. Presumably, as in this case, a party to an M–U–R proceeding would wish to submit a physician's report or other medical information. However, if the party is unable to meet the statutory deadline through no fault of his or her own, then information submitted beyond the statutory deadline may not be excluded from review, as it was here.

Claimant argues that the 30–day deadline, which expired on December 1, 1990, prevented her from submitting reports from two physicians who recommended that she continue treatment with Dr. Fecteau. Claimant apparently submitted the reports on January 31, 1991. Although the Division of Labor rejected the reports as untimely, it was not until April 16, 1991, that the Division actually transmitted the claimant's medical file to the M–U–R committee members for their review.

■ Recipients of statutorily created benefits have a property interest in the continued receipt of those benefits. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Although medical benefits cannot be terminated under § 8–43–501, an M–U–R proceeding may result in the termination of a previously authorized health care provider or a particular form of health care treatment. *Hargett v. Director, Division of Labor,* 854 P.2d 1316 (Colo.App.1992). Hence, there are due process considerations applicable to an M–U–R proceeding.

■ In determining the adequacy of procedural safeguards, a reviewing court must balance the following factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the existing procedures; (3) the probable value, if any, of additional or substitute procedural safeguards; and (4) the government's interest and the fiscal and administrative burdens that would be entailed in requiring additional or substitute procedural requirements. *Mathews v. Eldridge, supra; Patterson v. Cronin,* 650 P.2d 531 (Colo.1982).

Here, the interest at stake is an injured worker's right to continued medical care. This interest is significant because the Workers' Compensation Act constitutes an injured worker's only means of obtaining necessary medical treatment from his or her employer for a work-related injury. *See* § 8–41–102, C.R.S. (1992 Cum.Supp.).

Also, we note that since § 8–43–501 allows the Director retroactively to deny payment to health care providers, a treating physician may be unwilling to continue treatment once an M–U–R proceeding has been initiated. We further note that § 8–43–501 makes no provision for interim treatment from another health care provider until such time as the treatment dispute is resolved. Therefore, a worker's interest in continued medical treatment is significant.

Next, in analyzing the risk of erroneous deprivation, we observe that since the 30–day limit under § 8–43–501(2)(a) may prevent a responding party from adequately reviewing the file and providing countervailing information, the M–U–R committee may recommend a termination of existing care without the benefit of pertinent, or even the most recent, medical information.

The Division has not filed a brief in this appeal, and no argument is advanced on its behalf to show that it would be burdensome or costly to permit reasonable extensions of time under § 8–43–501(2)(a) for good cause shown. Indeed, as previously noted, the record shows that more than four months elapsed between the 30–day deadline under 8–43–501(2)(a) and the date the Division transmitted the claimant's file to the M–U–R committee for its review.

■ Section 8–43–207(1)(i), C.R.S. (1992 Cum.Supp.) authorizes the director and administrative law judges to:

Upon written motion and for good cause shown, grant reasonable extensions of time for the taking *of any action contained in this article.* (emphasis added)

The emphasized language indicates that the authority to grant extensions applies to *any action* under the Act, including, implicitly, M–U–R proceedings. Therefore, we conclude that the Division has the authority under § 8–43–207(1)(i) to grant the parties to an M–U–R proceeding an extension of time for good cause shown. *See People v. Fagerholm,* 768 P.2d 689 (Colo.1989); *Andrews v. Director, Division of Employment,* 41 Colo. App. 408, 585 P.2d 933 (1978). *Cf. Bethesda Foundation v. Department of Social Services,* 867 P.2d 1 (Colo.App.1993).

The record here indicates that the Division rejected materials submitted by both parties without determining whether justifiable cause existed for excusing the delays. Therefore, the cause will be remanded to the Panel with directions that the M–U–R proceedings be reopened to determine whether just cause exists for accepting either party's untimely submission of medical reports and other information. If just cause is found, the reports should be included in the M–U–R file, and the matter should be resubmitted to the M–U–R committee for reconsideration.

## II.

■ We reject the claimant's remaining contentions alleging that the M–U–R procedure violates her right to due process and to equal protection of the law.

In *Hargett v. Director, Division of Labor, supra,* we held that a party adversely affected by a termination of previously authorized health care under § 8–43–501 can request that the matter be litigated *de novo* in an adversarial hearing pursuant to the regular hearing process under § 8–43–207, C.R.S. (1992 Cum.Supp.). In view of our holding in *Hargett,* we reject the claimant's argument that she has been denied due process or equal protection of the law.

■ Claimant also argues that the $1,200 fee required to initiate an M–U–R review has a discriminatory impact on recipients of workers' compensation benefits. However, because resolution of this issue would require an evidentiary record, this challenge must be brought in district court. *See Kinterknecht v. Industrial Commission,* 175 Colo. 60, 485 P.2d 721 (1971); *Stuart–James Co. v. Division of Employment & Training,* 824 P.2d 5 (Colo.App.1991).

## III.

■ Claimant argues that because she entered into treatment with Dr. Fecteau prior to the enactment of § 8–43–501, application of the statute in this case constitutes a retrospective application of the law contrary to Colo. Const. art. II, § 11. We do not agree.

A law is retrospective in operation when it "takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past." *P–W Investments, Inc. v. City of Westminster,* 655 P.2d 1365, 1371 (Colo.1982).

Both at the time of claimant's injury and under the current Workers' Compensation Act, the right to treatment for industrial injuries is *qualified:* the treatment in question must be (1) attributable to a work injury, and (2) "reasonably" necessary to cure and relieve the employee from the effects of the work injury. Section 8–42–101(1)(a), C.R.S. (1992 Cum.Supp.).

In this case, the M–U–R committee recommended a change of authorized physician and a retroactive denial of health care benefits

based upon its determination that some of the medical treatment either (1) was not attributable to the claimant's work injury or (2) was not reasonably necessary under the circumstances shown by the claimant's medical files.

On these facts, the application of § 8–43–501 was consistent with the claimant's qualified right to medical benefits under § 8–42–101(1)(a) at the time she entered into treatment with Dr. Fecteau. Further, although claimant began treatment with Dr. Fecteau prior to the effective date of § 8–43–501, the Director's M–U–R order denied benefits to Dr. Fecteau retroactively through September 20, 1989, a time period *subsequent* to the enactment of the statute in 1988. *See* Colo. Sess.Laws, 1988, ch. 49, § 8–49–102 at 375. Accordingly, the statute was not applied to circumstances which existed prior to its passage, and there is no violation of Colo. Const. art. II, § 11. *See Martin v. Allen,* 193 Colo. 395, 566 P.2d 1075 (Colo.1977).

### IV.

 The Director's order retroactively denied payment for nearly two years of previously authorized medical charges. Claimant argues that because the M–U–R statute permits a *retroactive* denial of medical benefits, it constitutes an unconstitutional confiscation of property and impairment of contract. We conclude that claimant lacks standing to raise these issues.

Effective May 29, 1991, the M–U–R statute was amended to provide that, if the Director retroactively denies benefits for medical services in an M–U–R proceeding, the affected health care provider may request that the matter be decided in a *de novo* hearing before an ALJ. Because claimant cannot be held responsible for the payment of costs for services rendered during the effective period and since Dr. Fecteau had the right to contest the Director's order, we conclude that claimant has no standing to assert these issues. *See* § 8–43–501(3)(e), C.R.S. (1992 Cum.Supp.). *See also Jefferson County Department of Social Services v. State,* 784 P.2d 805 (Colo.App.1989).

The Panel's order is set aside, and the cause is remanded for further proceedings consistent with this opinion.

STERNBERG, C.J., and CRISWELL, J., concur.