**Robert McWHORTER, Petitioner,**

v.

**CNA INSURANCE COMPANIES, Director of the Division of Workers' Compensation, and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 92CA1817.

Colorado Court of Appeals,
Div. I.

July 15, 1993.

Rehearing Denied Aug. 26, 1993.

Certiorari Denied Feb. 28, 1994.

Steven U. Mullens, P.C., James A. May, Colorado Springs, for petitioner.

White and Steele, P.C., Michael A. Perales, Robert H. Coate, Denver, for respondent CNA Ins. Companies.

No Appearance for respondents Director of the Div. of Workers' Compensation and Indus. Claim Appeals Office.

Opinion by Judge PIERCE.

Robert McWhorter (claimant) contests an order of the Industrial Claim Appeals Panel requiring a change in his authorized health care provider. We affirm in part, set aside in part, and remand for further proceedings.

Claimant suffered an admitted work injury to his cervical spine in 1987. In May 1991, acting pursuant to the statute now codified at § 8–43–501(5), C.R.S. (1992 Cum.Supp.), respondents filed a request for medical utilization review (M–U–R) to determine the medical necessity and appropriateness of the care rendered by the claimant's authorized treating provider, an osteopathic physician.

A committee of health care providers reviewed the claimant's medical files and the Director of the Division of Labor (Director) thereafter entered an order based on the committee's recommendations. The order found that the authorized provider's treatment of the claimant was not reasonably necessary and appropriate and ordered that a change of provider be made. The Director's order was upheld on review to both an Administrative Law Judge (ALJ) and the Panel.

On review to this court, claimant does not challenge the merits of the Director's order; rather, he asserts for various reasons that the M–U–R proceedings deprived him of due process and equal protection of the law. We address only one issue which we consider to be dispositive.

The parties dispute whether our holding in *Hargett v. Industrial Claim Appeals Office,* 854 P.2d 1316 (Colo.App.1992), is applicable to this case. In *Hargett,* we held that a party adversely affected by a termination of previously authorized health care under § 8–43–501 can request that the matter be litigated *de novo* in an adversarial hearing pursuant to the regular hearing process under § 8–43–207, C.R.S. (1992 Cum.Supp.). *Hargett* construed the version of the M–U–R statute applicable in 1989. *See* Colo.Sess. Laws 1988, ch. 49, § 8–49–102 at 374. That statute was subsequently amended and recodified, and is now found at § 8–43–501(5), C.R.S. (1992 Cum.Supp.).

The General Assembly enacted two successive amendments to the M–U–R statute in 1991. The first amendment, H.B. 91–1163, Colo.Sess. Laws 1991, ch. 225 at 1355, 1358, took effect on May 29, 1991. The second amendment was included under S.B. 91–218, which took effect on July 1, 1991, and applied specifically to cases involving "injuries occurring on or after said date." Colo.Sess.Laws 1991, ch. 219, at 1342. *See Martinez v. Regional Transportation District,* 832 P.2d 1060 (Colo.App.1992).

Both of the 1991 amendments eliminated any reference under § 8–43–501(5)(a) to a "hearing" before an Administrative Law Judge for a party adversely affected by the Director's order in an M–U–R proceeding. *See* Colo.Sess.Laws 1991, ch. 225, at 1356–57 and ch. 219 at 1330–31.

Relying on § 8–43–501(5)(c) of the initial 1991 amendment, Colo.Sess.Laws 1991, ch. 225 at 1357, the ALJ and Panel ruled that claimant was not statutorily entitled to an adjudicative hearing before an ALJ. The Panel, however, expressly declined to rule on claimant's entitlement to a *de novo* hearing as a matter of constitutional due process, citing its lack of authority to decide constitutional issues. *See Kinterknecht v. Industrial*

*Commission,* 175 Colo. 60, 485 P.2d 721 (1971).

■ On review to this court, claimant argues that our decision in *Hargett* is not limited to the pre–1991 version of the M–U–R statute and that *Hargett,* therefore, is applicable to his case. We agree.

Although our decision in *Hargett* noted the ambiguity in the former M–U–R statute, Colo.Sess.Laws 1989, § 8–49–102(5)(a) and § 8–49–102(5)(b)(III), our recognition there of the right to a *de novo* hearing was not based solely upon a resolution of the ambiguous language under § 8–49–102(5). Rather, we construed the Workers' Compensation Act as a whole, *Lucero v. Climax Molybdenum Co.,* 732 P.2d 642 (Colo.1987), reconciling the language under § 8–49–102(5) with the hearing and review provisions of the Act, § 8–53–103, C.R.S. (1986 Repl.Vol. 3B) (subsequently amended and reenacted at § 8–43–207, C.R.S. (1992 Cum.Supp.)).

Moreover, we expressly interpreted the statute in such a manner as to uphold its constitutionality under the due process guarantees of the U.S. and Colorado constitutions. *See Donn v. Industrial Claim Appeals Office,* 865 P.2d 873 (Colo.App.1993); *see also Perry Park Water & Sanitation District v. Cordillera Corp.,* 818 P.2d 728 (Colo.1991).

Accordingly, our reasoning in *Hargett* is equally controlling with respect to the 1991 version of the M–U–R statute.

■ As applied to the facts here, the Director's M–U–R order terminated the claimant's care by a previously authorized health care provider. Therefore, claimant is entitled to have the matter adjudicated *de novo* in an adversarial hearing before an ALJ.

■ Inasmuch as claimant requested an evidentiary hearing at the time he appealed the Director's order, his request for hearing should be treated as a request for hearing under § 8–43–207. *Hargett v. Industrial Claim Appeals Office, supra.* Thus, the matter must be remanded to an ALJ for a hearing on the merits of the claimant's contentions.

In view of our disposition, we do not address the claimant's remaining contentions.

That portion of the Panel's order affirming the Director's M–U–R order is affirmed. The remainder of the order is set aside, and the cause is remanded for further proceedings consistent with this opinion.

STERNBERG, C.J., and MARQUEZ, J., concur.