**John S. PALMER, Petitioner–Appellee,**

**and**

**Board of Assessment Appeals of the State of Colorado, Appellee,**

**v.**

**BOARD OF EQUALIZATION, EAGLE COUNTY, Respondent–Appellant,**

**and**

**Mary E. Huddleston, Property Tax Administrator, Intervenor–Appellant.**

**No. 97CA0403.**

Colorado Court of Appeals, Div. V.

April 16, 1998.

Lindahl Associates, P.C., Kevin B. Lindahl, Eagle, for Petitioner–Appellee.

No Appearance for Appellee.

James R. Fritze, Eagle County Attorney, Mary Joan Berenato, Special Assistant County Attorney, Vail, for Respondent–Appellant.

Gale Norton, Attorney General, Martha Allbright Phillips, Chief Deputy Attorney General, Richard Westfall, Solicitor General, Larry A. Williams, First Assistant Attorney General, Denver, for Intervenor–Appellant.

Opinion by Judge KAPELKE.

In this property tax case, respondent, the Eagle County Board of Equalization (BOE), appeals from an order of the Board of Assessment Appeals (BAA) which required it to reclassify the remaining portions of land owned by petitioner, John S. Palmer (taxpayer), as agricultural land for the 1996 tax year. We vacate the BAA's order.

At issue in this appeal is the propriety of the agricultural classification placed by the BAA on a 28.268–acre portion of taxpayer's land for the 1996 tax year.

It is undisputed that the property has been used for several years as a horse boarding operation. For the 1996 tax year, the BOE had previously reclassified only a 13.5–acre portion of taxpayer's land as agricultural, but had denied any further reclassification. The 13.5–acre portion is a hay meadow that has been used in connection with the horse boarding. Following an evidentiary hearing, the BAA ordered that the remainder of the subject property consisting of 28.268 acres also be reclassified as agricultural land.

The BOE contends that the evidence was insufficient to support the BAA's decision reclassifying a portion of the taxpayer's property as agricultural. We agree.

At the time of the assessment here, § 39–1–102(1.6)(a)(I), Colo. Sess. Laws 1990, ch. 277 at 1695, defined agricultural land as land "which was used the previous two years and presently is used as a farm or ranch ... and the gross income resulting from such use equals or exceeds one-third of the total gross income resulting from all uses of the property during any given property tax year...."

While the 13.5–acre portion of the property used for growing hay had already been classified as agricultural, the remaining portion had been classified as residential for at least the past ten years. Because the record reveals that most of the gross income was derived from the horse boarding operation—rather than from the hay growing—the property could properly be classified as agricultural only if the horse boarding operation itself could be deemed an agricultural use.

Section 39–1–102(13.5), C.R.S.1997, defines a "ranch" as:

A parcel of land which is used for grazing livestock for the primary purpose of obtaining a monetary profit. For the purposes of this subsection (13.5) 'livestock' means domestic animals which are used for food for human or animal consumption, breeding, draft, or profit.

The central question becomes then whether the horses in the boarding operation constitute "livestock" under the quoted subsection. Determination of that issue, in turn, depends on whether the horses were used for the qualifying purposes stated in § 39–1–102(13.5).

Contrary to taxpayer's argument, his own profit motive in boarding and grazing the horses on his land is insufficient, without more, for these activities to constitute a "ranching" use under the statutory criteria. Rather, under these provisions, only the grazing of "livestock" for such purposes constitutes a "ranching" use, and horses may constitute such "livestock" only if they are used "for food for human or animal consumption, breeding, draft, or profit." Section 39–1–102(13.5).

Thus, we agree with the BOE that the grazing and boarding of "pleasure horses" does not qualify as a "ranching" use for agricultural classification purposes under these provisions. See 3 *Assessors Reference Library* § V at 5.21–5.23 (revised 1–95). We further agree with the BOE that taxpayer has the burden of proof to show any qualifying "ranching" and/or "farming" uses of his land in support of his claims for agricultural classification. See *Douglas County Board of Equalization v. Clarke*, 921 P.2d 717 (Colo. 1996).

The BAA, in ruling in the taxpayer's favor, made a finding that the BOE "did not offer sufficient evidence to show that the horses on the property were pleasure horses." In so doing, the BAA misplaced the burden of proof, which properly resides with the taxpayer as to showing a basis for the requested reclassification.

Notably, the taxpayer himself acknowledged in his testimony that he did not even know the purpose for which the owners of the horses used them. Nor did the taxpayer adduce any other evidence that the horses were being used for one of the specified statutory purposes.

In the absence of such a showing, the taxpayer could not—and did not—demonstrate that the horses fell within the statutory definition of livestock under § 39–1–102(13.5). Consequently, the taxpayer also failed to establish that the use of the 28.268 acres could properly be considered "agricultural" within the meaning of the statute.

Thus, because the BAA abused its discretion in misallocating the burden of proof, and because the evidence does not support the BAA's conclusion that the property meets the requirements of the agricultural classification, the order cannot stand.

Accordingly, the order of the BAA requiring reclassification of the 28.268–acre parcel is vacated.

MARQUEZ and STERNBERG*, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1997.