Richard F. SAMPSON, Petitioner–Appellee,

and

Board of Assessment Appeals, Appellee,

v.

TELLER COUNTY BOARD OF EQUALIZATION, Respondent–Appellant.

No. 02CA0543.

Colorado Court of Appeals, Div. A.

March 27, 2003.

Rehearing Denied May 29, 2003.

Certiorari Granted Dec. 15, 2003.

No Appearance for Petitioner–Appellee.

Ken Salazar, Attorney General, John D. Baird, First Assistant Attorney General, Denver, Colorado, for Appellee.

Sparks Willson Borges Brandt & Johnson, P.C., Stephen A. Hess, Colorado Springs, Colorado, for Respondent–Appellant.

Opinion by Judge STERNBERG.*

In this property tax case, respondent, the Teller County Board of Equalization (BOE), appeals from an order of the Board of Assessment Appeals (BAA) that reduced the valuation placed on certain residential property owned by petitioner, Richard F. Sampson (taxpayer), for the 2001 tax year. We reverse the BAA's order and remand with directions to dismiss taxpayer's petition.

The subject property consists of a mobile home used as taxpayer's residence, along with the residential land on which it is located. As residential property, it must be valued for property tax purposes solely by consideration of the market approach to value. *See* Colo. Const. art. X, § 20(8)(c); § 39–1–103(5)(a), C.R.S.2002. Under the market approach, or comparable sales method, valuation is determined by analysis of sales of comparable properties in the market. *See Bd. of Assessment Appeals v. E.E. Sonnenberg & Sons, Inc.*, 797 P.2d 27 (Colo.1990).

After the BOE upheld a revaluation of the subject property at $137,919 for the 2001 tax year, taxpayer appealed to the BAA. In the de novo proceedings before the BAA, taxpayer sought to reinstate the $93,951 valuation previously assigned to the property, but taxpayer did not present any comparable sales evidence in support of this valuation. The BOE presented market approach evidence in support of the $137,919 valuation, relying primarily on three comparable sales of other mobile home properties.

Following the hearing, the BAA ultimately found all of the valuation evidence to be unpersuasive, essentially ruling that it was unable to reach an accurate valuation determination from the evidence presented. Under these circumstances, the BAA then reduced the valuation of the subject property to $93,951, as previously set by the assessor before the property was revalued. This appeal by the BOE followed.

## I.

We first reject the BOE's contention that the BAA erred in failing to give effect to a presumption of correctness applicable to the valuation being challenged, as set by the assessor or the BOE.

■ Contrary to the BOE's argument, after the 1992 TABOR amendment to the state constitution, there is no longer any presumption of correctness in favor of any previous valuation in the property tax appeals process. *See* Colo. Const. art. X, § 20(8)(c); § 39–8–108(6), C.R.S.2002; *see also Gilpin County Bd. of Equalization v. Russell*, 941 P.2d 257 (Colo.1997). *But see Arapahoe County Bd. of Equalization v. Podoll*, 935 P.2d 14 (Colo. 1997). Nevertheless, our standard of review of the BAA's orders remains unchanged. *See* § 39–8–108(2), C.R.S.2002; *see also* § 24–4–106(7), (11)(e), C.R.S.2002; *Bd. of Assessment Appeals v. E.E. Sonnenberg & Sons, Inc., supra.*

## II.

■ We agree with the BOE, however, that the BAA erred in failing to place the burden of proof on taxpayer in ruling in taxpayer's favor under the record here.

By statute, taxpayer was authorized to pursue his challenge to the BOE's valuation to the BAA for a trial de novo. *See* § 39–8–108(1), C.R.S.2002. In such de novo evidentiary proceedings before the BAA, although the BOE's previous valuation was no longer presumptively correct, taxpayer nevertheless had the burden of proof. *See* § 24–4–105(7), C.R.S.2002; BAA Rule 14(a), 8 Code Colo. Regs. 1301–1 (1997).

■ In particular, we conclude that under the applicable statutory scheme, taxpayer had the burden of proof in the BAA proceedings to establish an appropriate basis under the market approach for his claims for an alternative reduced valuation of the subject property for the 2001 tax year. *See* §§ 39–1–103(5)(a), 39–8–108(1); *Palmer v. Bd. of Equalization*, 957 P.2d 348 (Colo.App.1998). Moreover, upon a taxpayer's failure to sustain its burden of proof in BAA proceedings,

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

the BAA must dismiss the taxpayer's petition. *See 117th Assocs. v. Jefferson County Bd. of Equalization,* 811 P.2d 461 (Colo.App. 1991).

■ Here, the BAA noted that taxpayer did not present any comparable sales evidence, and it ultimately discredited all the comparable sales evidence presented by the BOE. The BAA further ruled that it did not receive enough data from the parties to derive any accurate valuation of the property.

Thus, based on the BAA's findings rejecting all the valuation evidence presented, its ultimate conclusion that the 2001 valuation of the subject property should be reduced to $93,951 is unsupported by any competent evidence. *See* § 24–4–106(7), (11)(e); *Bd. of Assessment Appeals v. E.E. Sonnenberg & Sons, Inc., supra.*

Rather, in ruling in taxpayer's favor on this record, the BAA appears to have misplaced the burden of proof. Based on the BAA's analysis of the evidence presented, we conclude that taxpayer failed, as a matter of law, to meet his burden of proof concerning his valuation claims. Consequently, the dismissal of taxpayer's petition to the BAA was required under these circumstances. *See 117th Assocs. v. Jefferson County Bd. of Equalization, supra; see also Palmer v. Bd. of Equalization, supra.*

Accordingly, the BAA's order is reversed, and the case is remanded to the BAA with directions to dismiss taxpayer's petition.

Judge DAVIDSON and Judge METZGER ** concur.

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2002.